IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| ANGELIINA LAWSON, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )    No. 2026-1368 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant-Appellee. | ) |

<u>DEFENDANT-APPELLEE'S RESPONSE TO SHOW CAUSE ORDER</u>

Pursuant to the Court's February 26, 2026 order (ECF No. 6), defendant-appellee, the United States respectfully requests summary affirmance of the decision of the United States Court of Federal Claims, which dismissed the complaint filed by plaintiff-appellant, Ms. Angeliina Lawson, for lack of subject-matter jurisdiction because there is no substantial question as to the outcome of the appeal. Appx3-6.[1] In support of our motion, we rely on the following memorandum of law and the attached appendix.

<u>STATEMENT OF THE ISSUE</u>

Whether this Court should summarily affirm the trial court's dismissal of plaintiff-appellant's complaint because no substantial question exists regarding the outcome of this appeal.

---

[1] "Appx__" refers to pages in the appendix to this response.

## STATEMENT OF THE CASE

I.      Nature Of The Case

Ms. Lawson appeals a judgment of the Court of Federal Claims that dismissed her complaint for lack of subject-matter jurisdiction.  Appx7.  The trial court held that it did not possess jurisdiction to hear Ms. Lawson's case because there is no money-mandating source of substantive law that supports her grievances against the United States.

II.     Statement of Facts and Course of Proceedings

On December 9, 2025, Ms. Lawson, proceeding *pro se*, filed a complaint at the Court of Federal Claims.  *See* Appx8-19.  She claims that her action "arises from the constructive taking of plaintiff's constitutionally protected rights and federally guaranteed protections due to paralysis and inaction by the Tenth Circuit between July 2025 and December 2025."  Appx9.  She claims that the "Tenth Circuit failed to rule on at least five motions including emergency motions, all docketed" and that "as a result, a Kansas lower state court continued to issue orders and convene hearings."  *Id.*  Ms. Lawson states that as a result of these Kansas state court actions, she has been "denied contact with her minor son for over 90 days and her son was illegally removed since September 19, 2024 without due process."  *Id.*

The trial court issued a show-cause order demanding that Ms. Lawson explain why her complaint should not be dismissed without prejudice for lack of jurisdiction. Appx3.  Ms. Lawson filed a response on January 6, 2026.

On January 8, 2026, the trial court dismissed Ms. Lawson's complaint. Appx2. The trial court first noted that pro se plaintiff pleadings are entitled to a more liberal construction than if they were prepared by a lawyer. Appx3. But, the trial court further explained that, even liberally construed, Ms. Lawson's "complaint appears to allege that the plaintiff was involved in a child-custody dispute in Kansas state court." *Id.* The court noted that the federal district court in Kansas had repeatedly refused to remove her custody case to federal court, and that the Tenth Circuit had, according to the complaint, "declined to rule on her appeals and emergency motions." Appx4. Thus, Ms. Lawson's complaint appeared to attack either the failure of Federal courts in Kansas to rule in her favor, or the actions of Kansas state courts that were overseeing her custody dispute. In response to the show cause order, Ms. Lawson argued that she was not seeking review of the Tenth Circuit's failure to act, but rather, "that the Tenth Circuit's alleged inaction constituted a fifth amendment taking by depriving her of access to a federal legal forum." Appx4.

The trial court set forth the parameters of its jurisdiction and ruled that "To the extent the plaintiff alleges that the inaction by the Tenth Circuit 'permitted state actors to interfere with [p]laintiff's property interests,' that claim is predicated on the actions of state or local actors and therefore lies outside the jurisdiction of the Court of Federal Claims." Appx5 (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). The court further explained that, "even construed liberally, the plaintiff's complaint

3

does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction." Appx6.

The trial court concluded by "certif[ying] under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith." Appx6. Ms. Lawson filed a notice of appeal to this Court on January 16, 2026. On February 6, 2026, Ms. Lawson filed an informal brief, but on February 25, this Court issued a show cause order instructing the parties to respond as to whether this appeal should be dismissed or summarily affirmed.

## ARGUMENT

### I. The Court should summarily affirm the trial court's opinion

Summary affirmance is appropriate where there is no substantial question as to the outcome of an appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). This Court should summarily affirm the decision of the Court of Federal Claims because there is no question as to the outcome of this appeal.

The plaintiff bears the burden of establishing subject-matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims is authorized to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

4

States, or for liquidated or unliquidated damages in cases not sounding in tort." The United States Supreme Court held that this jurisdiction extends only to claims for money damages and must be strictly construed. *United States v. Testan*, 424 U.S. 392, 398 (1976). Thus, a party may invoke the jurisdiction of the Court of Federal Claims only when its claims are based on a relevant constitutional provision, statute or regulation that mandates the payment of money to him. *United States v. Canaille*, 716 F.2d 882 (Fed. Cir. 1983) (*en banc*), cert. denied, 465 U.S. 1065 (1984).

Although the Tucker Act waives the sovereign immunity of the United States for money damages, it does not create a substantive cause of action or a right to recover money damages in the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1). Thus, to fall within the Tucker Act jurisdiction of the Court of Federal Claims, a plaintiff must assert a separate source of law that might be "fairly interpreted as mandating compensation by the Federal Government," or in other words be "money-mandating" were the plaintiff to prevail. *United States v. Testan*, 424 U.S. 392, 398, 400 (1976). Absent such authority, the Court of Federal Claims does not possess jurisdiction to hear a case.

In addition, the Tucker Act does not provide jurisdiction over claims against any party other than the Federal Government. *Sherwood*, 312 U.S. at 588.

While recognizing Ms. Lawson's status as a *pro se* plaintiff and presuming all undisputed factual allegations in the complaint to be true, the trial court correctly dismissed Ms. Lawson's complaint, and properly held that it was without jurisdiction

to address any of her grievances.  *See, generally*, Appx3-6.  On appeal, there is no issue of law or fact that would give the Court of Federal Claims jurisdiction to entertain the claims alleged by Ms. Lawson in her complaint, and thus, summary affirmance of the trial court's decision is appropriate.  Indeed, the trial court further held that "any appeal from this decision would not be taken in good faith."  Appx6.

The trial court properly found that Ms. Lawson's allegations relate to actions taken by the Kansas state court, and even if the Tenth Circuit's alleged failure to rule on her filings "'permitted state actors to interfere with [p]laintiff's property interests,' that claim is predicated on the actions of state or local actors and therefore lies outside the jurisdiction of the Court of Federal Claims."  Appx5.  As the trial court correctly held, "it is not enough that the complaint names the United States as the defendant, 'but its allegations also must implicate the United States.'"  Appx5 (citing *Hankins v. United States*, No. 21-2138, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022); *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)).

Ms. Lawson has thus not plausibly alleged a claim over which the Court of Federal Claims has jurisdiction.  The trial court correctly entered judgment.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court summarily affirm the trial court's decision.

6

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Albert S. Iarossi
ALBERT S. IAROSSI
Assistant Director
Commercial Litigation Branch
Civil Division, U.S. Dept. of Justice
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3755
Albert.S.Iarossi@USDOJ.gov

March 17, 2026                    *Attorneys for Defendant-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of March, 2026, a copy of the foregoing

"DEFENDANT-APPELLEE'S RESPONSE TO SHOW CAUSE ORDER" was

filed electronically.  I caused a copy of this filing to be served by United States mail to

the following:

Angeliina Lawson
1914 5th Avenue
Leavenworth, KS 66048


/s/ Albert S. Iarossi
ALBERT S. IAROSSI

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ANGELIINA LAWSON,  )
 )
      Plaintiff-Appellant,  )
 )
    v.  )      No. 2026-1368
 )
UNITED STATES,  )
 )
      Defendant-Appellee.  )

# APPENDIX

# INDEX TO APPENDIX

Docket, *Lawson v. United States*, Fed. Cl. No. 25-2097 ...............................................................1

Order, *Lawson v. United States*, ECF No. 7 (Jan. 8, 2026) ..........................................................3

Judgment, *Lawson v. United States*, ECF No. 9 (Jan. 8, 2026) ..................................................7

Complaint, *Lawson v. United States*, ECF No. 1 (Dec. 9, 2025) ...............................................8

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:25-cv-02097-RAH

LAWSON v. USA
Assigned to: Judge Richard A. Hertling
Demand: $1,000,000
Cause: 28:1491 Tucker Act

Date Filed: 12/09/2025
Date Terminated: 01/08/2026
Jury Demand: None
Nature of Suit: 514 Taking - Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**ANGELIINA LYNN LAWSON**                    represented by   **ANGELIINA LYNN LAWSON**
1914 5th Avenue
Leavenworth, KS 66048
913-972-1661
PRO SE

V.

**Defendant**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2025 | 1 | COMPLAINT against USA (VAR) (Copy Served Electronically on Department of Justice), filed by ANGELIINA LYNN LAWSON. **Answer due by 2/10/2026.** (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet, # 3 Certificate of Service, # 4 Envelope)(zr) (Entered: 12/10/2025) |
| 12/09/2025 | 2 | MOTION for Leave to Proceed in forma pauperis, filed by ANGELIINA LYNN LAWSON. Service: 12/10/2025. **Response due by 12/24/2025.**(zr) Modified on 12/11/2025 (zr). (Entered: 12/10/2025) |
| 12/10/2025 | 3 | Notice of Random Assignment Pursuant to Rule 40.1(a) to Judge Richard A. Hertling. (zr) (Entered: 12/10/2025) |
| 12/10/2025 | 4 | NOTICE of Non-ECF Case. Plaintiff served ECFs 3 and 4 via first class mail (zr). (Entered: 12/10/2025) |
| 12/11/2025 | 5 | ORDER TO SHOW CAUSE: The plaintiff filed a motion for leave to proceed *in forma pauperis*. The 2 motion for leave to proceed *in forma pauperis* is **GRANTED**. The plaintiff shall show cause by **1/9/2026**, why her complaint should not be dismissed without prejudice for lack of jurisdiction. If the plaintiff fails to respond to this order, the complaint will be dismissed under Rule 41(b) of the Rules of the Court of Federal Claims. Signed by Judge Richard A. Hertling. (agg) Service on parties made. **Plaintiff served via certified mail #9589 0710 5270 0768 3402 16 on 12/11/2025** (zr). (Entered: 12/11/2025) |
| 01/06/2026 | 6 | RESPONSE TO 5 ORDER TO SHOW CAUSE, filed by ANGELIINA LYNN LAWSON. Service: 1/6/26.(tb) (Entered: 01/06/2026) |

Appx1

| 01/08/2026 | 7 | UNREPORTED Order Even construed liberally, the plaintiff's complaint does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith. Signed by Judge Richard A. Hertling. (agg) Service on parties made. **Plaintiff served via certified mail #9589 0710 5270 2704 8706 96 on 1/8/2026 (zr).** (Entered: 01/08/2026) |
| --- | --- | --- |
| 01/08/2026 | 8 | MOTION for Reconsideration re 7 Unreported Order, MOTION to Amend Pleadings - Rule 15 re 1 Complaint, filed by ANGELIINA LYNN LAWSON. Service: 1/8/2026. **Response due by 1/22/2026.** (zr) (Entered: 01/08/2026) |
| 01/08/2026 | | Defect Memo Forwarded to Chambers. Date Document Received: 1/8/2026. Description of Document: RULE 59 SUPPLEMENT TO MOTION FOR RECONSIDERATION AND PRESERVATION OF OBJECTION TO MISCHARACTERIZATION OF CLAIM. NOTE: The filing party shall not file a corrected document unless so ordered by the court. (zr) (Entered: 01/08/2026) |
| 01/08/2026 | 9 | JUDGMENT entered pursuant to Rule 58, that plaintiff's complaint is dismissed for lack of jurisdiction. No costs are awarded. (Service on parties made.) (ar) **Plaintiff served via certified mail #9589 0710 5270 2704 8707 19 on 1/9/2026 (zr).** (Entered: 01/08/2026) |
| 01/09/2026 | 10 | ORDER That the submission received on 1/8/2026 from the plaintiff and titled Rule 59 supplement to motion for reconsideration be filed by leave of the judge. Signed by Judge Richard A. Hertling. (Attachments: # 1 Defect Memo)(agg) Service on parties made. Plaintiff served via first class mail on 1/9/2026 (zr). (Entered: 01/09/2026) |
| 01/09/2026 | 11 | RULE 59 SUPPLEMENT to 8 Motion for Reconsideration, Motion to Amend Pleadings - Rule 15, filed by ANGELIINA LYNN LAWSON. Service: 1/9/2026. **Filed by Leave of the Judge.** (zr) (Entered: 01/09/2026) |
| 01/09/2026 | 12 | ORDER The 8 motion under RCFC 59 for reconsideration is **DENIED**. The motion under RCFC 15 for leave to file an amended complaint is **DENIED**. If the plaintiff thinks she has a claim that falls within the limited substantive jurisdiction of the Court of Federal Claims, she is free to file a new complaint and again seek leave to proceed *in forma pauperis*. Signed by Judge Richard A. Hertling. (agg) Service on parties made. Plaintiff served via first class mail on 1/9/2026 (zr). (Entered: 01/09/2026) |
| 01/16/2026 | 13 | NOTICE OF APPEAL, filed by ANGELIINA LYNN LAWSON. Copy to CAFC. (ac7) (Entered: 01/16/2026) |
| 01/16/2026 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 13 Notice of Appeal. (ac7) (Entered: 01/16/2026) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 01/16/2026 16:34:59 | | |
| **PACER Login:** | asiarossi | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-02097-RAH |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Appx2

# In the United States Court of Federal Claims

No. 25-2097C
Filed: January 8, 2026
NOT FOR PUBLICATION

---

**ANGELIINA LYNN LAWSON,**

*Plaintiff,*

**v.**

**UNITED STATES,**

*Defendant.*

---

## ORDER

The plaintiff, Angelina Lynn Lawson, proceeding *pro se*, filed this action on December 9, 2025; the case was docketed on December 10, 2025.  The plaintiff's motion for leave to proceed *in forma pauperis* was granted on December 11, 2025.  On that same day, the plaintiff was ordered to show cause as to why her complaint should not be dismissed without prejudice for lack of jurisdiction.  The plaintiff responded to the order to show cause on January 6, 2026.

Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case.  *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019) (holding a court has a responsibility to ensure that it has jurisdiction over any claims asserted).  A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action."  *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (a "court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case" (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016))).

The plaintiff is proceeding *pro se*.  As a result, her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Liberally construed, the plaintiff's complaint appears to allege that the plaintiff was involved in a child-custody dispute in Kansas state court.  Apparently dissatisfied with the outcome of that litigation, she has attempted to relitigate the child-custody issues in federal

district court in Kansas. She alleges that despite her effort to move the dispute to federal court, the child-custody proceeding has continued in state court.

The federal district court in Kansas has repeatedly rejected the plaintiff's attempt to remove the child-custody dispute to federal court. The plaintiff has appealed some of those adverse orders to the United States Court of Appeals for the Tenth Circuit, which hears appeals from the federal district court in Kansas. The plaintiff has also filed multiple emergency motions in the Tenth Circuit seeking "protective relief," "fraud review," and "[Americans with Disabilities Act ("ADA")] enforcement." In her complaint, the plaintiff alleges that the Tenth Circuit has declined to rule on her appeals and emergency motions. She alleges that the Tenth Circuit's failure to act has deprived her of her civil rights and constitutes a taking under the fifth amendment.

Due to the facial jurisdictional shortcomings of the complaint, the plaintiff was ordered to show cause as to why her complaint should not be dismissed. The order to show cause directed the plaintiff to explain why her complaint is not merely seeking a review of the inaction of the Tenth Circuit and is therefore outside the jurisdiction of the Court of Federal Claims.

In her response to the order to show cause, the plaintiff clarified that she is not seeking review of the Tenth Circuit's failure to act. Instead, she argues that the Tenth Circuit's alleged inaction constituted a fifth amendment taking by depriving her of access to a federal legal forum. Additionally, she claims the Tenth Circuit's alleged inaction allowed Kansas state actors to interfere with her property interest, her "right of access to a federal forum," and her "protected parental liberty" without just compensation.

Treating the plaintiff's allegations as true, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), none falls within the limited jurisdiction of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia*, *United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*,

463 U.S. 206, 216 (1983).  The Tucker Act does not provide jurisdiction over claims against any party other than the federal government.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

To invoke the limited jurisdiction of the Court of Federal Claims for a violation of a statutory, regulatory, or constitutional provision, that provision must be money-mandating, meaning it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'"  *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).  This money-mandating source of law must be distinct from the Tucker Act itself.  *Navajo Nation*, 556 U.S. at 290.

The plaintiff's complaint can only fall within the court's jurisdiction if she pleads a claim based on a federal statutory, regulatory, or constitutional provision that mandates compensation and does not sound in tort.  The plaintiff argues that her claim "arises solely under the [t]akings [c]lause of the [f]ifth [a]mendment," for which she seeks compensation for "specific, identifiable deprivations of property interest to federal inaction."

A claim under the fifth amendment for damages arising from a taking of private property would normally fall within the jurisdiction of the Court of Federal Claims.  The Fifth Amendment provides that private property shall not "be taken for public use, without just compensation."  U.S. Const. amend. V, cl. 4.  To establish a taking under the Fifth Amendment, the plaintiff must allege that she has a cognizable property interest at the time of the alleged taking and that "the government's action amounted to a compensable taking of that interest."  *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1348 (Fed. Cir. 2013).

The Court of Federal Claims lacks jurisdiction to "entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal."  *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (cleaned up).  In general, the Court of Federal Claims has no authority to review decisions of federal district courts or courts of appeals.  *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352-53 (Fed. Cir. 2015); *Allustiarte v. United States*, 256 F.3d 1349, 1352, (Fed. Cir. 2001).  Under these authorities, the Court lacks jurisdiction to consider the plaintiff's claim arising out of the inaction of the Tenth Circuit.

To the extent the plaintiff alleges that the inaction by the Tenth Circuit "permitted state actors to interfere with [p]laintiff's property interests," that claim is predicated on the actions of state or local actors and therefore lies outside the jurisdiction of the Court of Federal Claims. *Sherwood*, 312 U.S. at 588.  It is not enough that the complaint names the United States as the defendant, "but its allegations also must implicate the United States."  *Hankins v. United States*, No. 21-2138 C, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022) (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)).

For the foregoing reasons, the complaint fails to allege any claim within the jurisdiction of the Court of Federal Claims.

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction.  Because the plaintiff has already sought and been denied relief in federal district

court in Kansas, transfer to that court, in which venue appropriately lies, is not in the interest of justice and is not appropriate.

Even construed liberally, the plaintiff's complaint does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

# In the United States Court of Federal Claims

**No. 25-2097 C**

**Filed: January 8, 2026**

```
*************************************
ANGELIINA LYNN LAWSON,          *
            Plaintiff,          *
                                *          JUDGMENT
      v.                        *
                                *
                                *
THE UNITED STATES,              *
            Defendant.          *
*************************************
```

Pursuant to the court's Order, filed January 8, 2026,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff's complaint is dismissed for lack of jurisdiction. No costs are awarded.

Lisa L. Reyes
Clerk of Court

By: *Ashley Reams*
Deputy Clerk

Appx7

25-2097C

# In the United States Court of Federal Claims

Angeliina L. Lawson, individually

and next of friend of minor child D.L.

             **Plaintiff(s),**

v.

**THE UNITED STATES,**

             **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

Judge _____

## COMPLAINT

Your complaint must be clearly handwritten or typewritten, and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space, you may use another blank page. A fillable pdf is available at http://uscfc.uscourts.gov/filing-a-complaint.

If you intend to proceed without the prepayment of filing fees (*in forma pauperis* (IFP)), pursuant to 28 U.S.C. § 1915, you must file along with your complaint an application to proceed IFP.

1. **JURISDICTION.** State the grounds for filing this case in the United States Court of Federal Claims. The United States Court of Federal Claims has limited jurisdiction (*see* e.g., 28 U.S.C. §§ 1491-1509).

This Court has jurisdiction under the Tucker Act, 28 U.S.C. §1491(a)(1), to hear non-tort claims for money damages against the United States founded upon the Constitution, federal statutes, and official acts. Plaintiff seeks monetary relief in excess of $10,000 for constitutional injury, administrative inaction, and retaliatory deprivation of federally protected rights by federally funded courts and agencies.

RECEIVED - USCFC

DEC 09 2025

Appx8

A-5

## 2. PARTIES

Plaintiff, __Angeliina L. Lawson, individually__ , resides at __1914 5th Ave__
                                                                          (Street Address)

__Leavenworth, KS 66048__                                   , __913-972-1661__
          (City, State, ZIP Code)                              (Telephone Number)

If more than one plaintiff, provide the same information for each plaintiff below.

Also bringing claim as next friend for minor child, D.L.

3. **PREVIOUS LAWSUITS.** Have you begun other lawsuits in the United States Court of Federal Claims?                    ☐ Yes ☑ No

If yes, please list cases: _____

4. **STATEMENT OF THE CLAIM**. State as briefly as possible the facts of your case. Describe how the United States is involved. You must state exactly what the United States did, or failed to do, that has caused you to initiate this legal action. Be as specific as possible and use additional paper as necessary.

This action arises from the constructive taking of Plaintiff's constitutionally protected rights and federally guaranteed protections due to paralysis and inaction by the Tenth Circuit between July 2025 and December 2025. During this time:

Plaintiff perfected federal removal under 28 U.S.C. §1443(1), raising ADA-based constitutional violations. The Tenth Circuit failed to rule on at least five motions including emergency motions, all docketed. As a result, a Kansas lower state court continued to issue orders and convene hearings, despite lacking jurisdiction post-removal. Plaintiff was denied contact with her minor son for over 90 days and her son was illegally removed since September 19, 2024 without due process. Plaintiff formally presented a damages ledger via her filing titled "NOTICE OF CONSTITUTIONAL STALEMATE AND RECORD OF FEDERAL APPELLATE FAILURE RESULTING IN CONSTRUCTIVE TAKING" into the Tenth Circuit and a Notice of Claims into the state court. These events constitute a constitutional and administrative breach that qualifies as a non-tort taking of protected rights and access under the Tucker Act. On May 6, 2025, Plaintiff removed a state custody case to federal court under §1443(1) based on ADA retaliation and constitutional violations. The case was prematurely remanded stating race only. Plaintiff appealed the remand, docketed as Tenth Circuit Case No. 25-3097 citing SCOTUS current opinions of race neutral interpretations required. Between July 22 and November 18, 2025, Plaintiff filed multiple emergency motions seeking protective relief, Rule 60(d)(3) fraud review, and ADA enforcement. The Tenth Circuit issued denials or no rulings during this period, despite active federal removal, pending SCOTUS writs, and continuing state harm. On November 4, 2025, the Tenth Circuit denied a related writ of mandamus (25-3158), refused to address the fraud, and denied rehearing on November 24, 2025.

Legal Authority: Fifth Amendment Takings Clause The government's refusal to enforce jurisdictional boundaries and protect federal rights constitutes a constructive taking of parenting, religious, and access liberties without compensation.

First and Fourteenth Amendments Retaliatory denial of ADA rights, suppression of protected filings, and refusal to provide federal process violate core due process, liberty, and expressive guarantees.

ADA Title II (42 U.S.C. §§12132, 12203) The U.S. judiciary and administrative actors failed to accommodate Plaintiff's disability, denied equal access to litigation tools, and enabled discrimination through inaction.

TOTAL  $50,000,000

A full ledger and constitutional brief are available upon docketing

Appx9

**5. RELIEF.** Briefly state exactly what you want the court to do for you.

Entry of judgment in the amount of $50,000,000 for federal taking and civil rights injury; Certification of federal nonaction (Tenth Circuit Dkt. #25-3097) as a violation of access, due process, and ADA obligations; Preservation of jurisdiction to allow Rule 27 and supplemental filings related to fraud and civil conspiracy; Any further relief this Court deems just and proper.

Signed this 8 _____ day of December _____, 2025 _____.

        (day)              (month)        (year)

Signature of Plaintiff(s)

A-7

Appx10

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT


Appeal No. 25-3097


ANGELIINA LYNN LAWSON,
Appellant

v.

JONATHAN DAVID LAWSON,

Appellee


NOTICE OF CONSTITUTIONAL STALEMATE AND RECORD OF FEDERAL

APPELLATE FAILURE RESULTING IN CONSTRUCTIVE TAKING


I. INTRODUCTION

This Notice is submitted for the dual purpose of (1) formally presenting federal claims against

the United States under the Tucker Act, 28 U.S.C. § 1491, and (2) preserving the evidentiary

record of an ongoing constitutional stalemate, jurisdictional paralysis, and appellate collapse

currently unfolding in the United States Court of Appeals for the Tenth Circuit, Case No. 25-

3097.

Despite having properly removed her underlying action to federal court under 28 U.S.C. §

1443(1), and having perfected appeal following remand, Appellant has been subjected to extreme

parental alienation, judicial fraud, ADA retaliation, and deprivation of protected civil rights

RECEIVED - USCFC

DEC 0 9 2025

Appx11

under color of law, all while the Tenth Circuit has refused to rule on multiple emergency motions pending before it for over four months.

This inaction has created a jurisdictional vacuum where state actors continue to act without legal authority, interfering with a federally removed case, scheduling unauthorized hearings, and withholding Appellant's minor child in violation of the Constitution, the ADA, and federal supremacy.

## II. PROCEDURAL BACKGROUND AND APPELLATE FAILURE

As of December 8, 2025, the following motions remain pending before the Tenth Circuit without ruling, notice, or administrative response:

- Dkt. 28: Motion to Certify Constitutional Question to Supreme Court (Filed July 22, 2025) – Pending 139 Days

- Dkt. 35: Motion for Fraud Upon the Court (Filed August 25, 2025) – Pending 105 Days

- Dkt. 50: Emergency Motion for Show Cause (Filed November 7, 2025) – Pending 31 Days (beyond the 5 day rule)

- Dkt. 52: Rule 27 Motion to Certify and Preserve the Evidentiary Record (Filed November 14, 2025) – Pending 24 Days

- Dkt. 54: Emergency Motion for Stay of State Proceedings (Filed November 18, 2025) – Pending 20 Days (beyond the 5 day rule)

These filings are compliant with FRAP 8(a)(2), FRAP 27, and Tenth Circuit Rule 8.2(C). The lack of any ruling even a denial has allowed the state court in Anderson County, Kansas to

Appx12

proceed without jurisdiction, resulting in the de facto kidnapping of a disabled child, coercive suppression of federal rights, and psychological injury inflicted upon the Appellant and her child.

III. ONGOING FEDERAL HARM AND CONSTRUCTIVE TAKING

This silence by the federal appellate system has created irreparable harm:

- Appellant's son has been withheld for over 90 days without any lawful custody order, in direct retaliation for invoking federal removal and ADA rights and interfered in her custody since September 19, 2024 with illegal removal of child without due process.
- The state court has scheduled a December 15, 2025 hearing under a void jurisdictional framework, with no remand jurisdiction restored.
- Appellate delay has empowered former GAL misconduct, unauthorized disqualified counsel participation, and active ADA exclusion in state court.
- Appellant is being denied access to her child and to the courts simultaneously, with no avenue of recourse as the federal court delays all rulings.

This constitutes a constructive taking under the Tucker Act, where the government's inaction has permitted the unlawful seizure of parental, religious, constitutional, and federally protected interests.

IV. NOTICE OF PRESENTMENT OF FEDERAL CLAIMS UNDER THE TUCKER ACT

Appellant hereby presents claims totaling $50,000,000 against the United States for:

1. Constructive Taking of Parental Rights due to appellate inaction and failure to enforce removal jurisdiction: $15,000,000

3

Appx13

2.  Loss of Access to Federal Court / Denial of Review Under § 1443(1): $10,000,000

3.  Mental and Emotional Distress from Prolonged Parental Separation: $3,500,000

4.  Due Process Violation by the Tenth Circuit's Inaction on Emergency Motions:
    $2,500,000

5.  Destruction of Religious Parenting Rights (First Amendment): $1,500,000

6.  Pro Se Litigation Burden and Documentation Costs: $500,000

7.  Anticipated Costs of Future Litigation (SCOTUS, RCFC, DOJ, Mandamus): $2,000,000

8.  Punitive Damages for Systemic Federal Retaliation and Institutional Abandonment:
    $15,000,000

## V. NOTICE OF INTENT TO PETITION FOR WRIT OF MANDAMUS / CERTIORARI BEFORE JUDGMENT

Appellant respectfully notifies this Court that the record established herein will be used in a forthcoming Petition for Writ of Mandamus and/or Petition for Certiorari Before Judgment under 28 U.S.C. § 1254(1). The record of appellate paralysis, combined with active state-court usurpation of federal jurisdiction, constitutes a cert-worthy constitutional crisis involving:

- ADA Title II enforcement under § 1443(1)

- Federal appellate due process obligations

- Race-neutral constitutional interpretation trends under current SCOTUS doctrine

- Civil RICO, § 1983, and Tucker Act theory of judicial paralysis

## VI. PRAYER FOR PRESERVATION AND CERTIFICATION

Claimant requests that:

4

Appx14

1.  This Notice be entered into the record and certified for preservation.

2.  The Clerk of the Tenth Circuit acknowledge receipt and formal presentment.

3.  The United States Department of Justice be deemed served for purposes of formal notice.

4.  No judicial actor connected to this matter take further adverse action without acknowledging this Notice.

Respectfully submitted,                                          Dated: December 8, 2025
/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson,
Appellant Pro Se
1914 5th Avenue, Leavenworth, KS 66048
(913) 972-1661

## CERTIFICATE OF SERVICE

I certify that on this 8sth day of December 2025, a true and correct copy of the foregoing was served to all registered parties via the Tenth Circuit CM/ECF system since Defendant has defaulted, never appeared, never produced an answer.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson

Appx15

25-2097C

# In The United States Court of Federal Claims
## Form 2
## Cover Sheet

Plaintiff(s) or Petitioner(s)

Names: ANGELIINA LYNN LAWSON, individually and as next friend of minor child D.L.

Location of Plaintiff(s)/Petitioner(s) (city/state): Leavenworth, KS

(If this is a multi-plaintiff case, pursuant to RCFC 20(a), please use a separate sheet to list additional plaintiffs.)

Name of the attorney of record (See RCFC 83.1(c)): Pro Se
    Firm Name: N/A Pro Se

Contact information for pro se plaintiff/petitioner or attorney of record:

Post Office Box:        N/A
Street Address:        1914 5th Ave
City-State-ZIP:         Leavenworth, KS 66048
Telephone Number:   913-972-1661
E-mail Address:        angeliinacourtrecords@gmail.com

Is the attorney of record admitted to the Court of Federal Claims Bar?  ☐ Yes ☑ No
Pro Se

---

Nature of Suit Code: 510
Select only one (three digit) nature-of-suit code from the attached sheet.

Agency Identification Code: Varies
Number of Claims Involved: 4

Amount Claimed: $ 50,000,000
            Use estimate if specific amount is not pleaded.

Bid Protest Case (required for NOS 138 and 140):
Indicate approximate dollar amount of procurement at issue: $ N/A
    Is plaintiff a small business?                    ☐ Yes ☑ No
    Was this action proceeded by the filing of a   ☐ Yes ☑ No     Solicitation No. N/A
    protest before the GAO?
    If yes, was a decision on the merits rendered? ☐ Yes ☑ No

Income Tax (Partnership) Case:
Identify partnership or partnership group: N/A

Takings Case:
Specify Location of Property (city/state): Leavenworth, KS

RECEIVED - USCFC

DEC 09 2025

Vaccine Case:
Date of Vaccination: N/A

Related case:
Is this case directly related to any pending or previously filed   ☐ Yes ☑ No
case(s) in the United States Court of Federal Claims? If yes, you
are required to file a separate notice of directly related case(s). See RCRC 40.2.

193
Appx16

25-2097C

UNITED STATES COURT OF FEDERAL CLAIMS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No: _____

CERTIFICATE OF SERVICE

I, Angeliina Lynn Lawson, hereby certify under penalty of perjury that on this 8th day of December, 2025, I served a true and correct copy of the following documents by United States Postal Service, First-Class Mail:

- Complaint under the Tucker Act (28 U.S.C. § 1491)

- Motion for Leave to Proceed In Forma Pauperis

- Cover Sheet (RCFC Form 2)

- Notice of Tenth Circuit Appellate Failure and Constitutional Stalemate

These documents were served upon:

United States Department of Justice

Civil Division – Federal Programs Branch

1100 L Street NW

Washington, DC 20005

RECEIVED - USCFC

DEC 0 9 2025

1

Appx17

This Certificate of Service is submitted in compliance with RCFC Rule 5.4(c).

Respectfully submitted,                          Date: December 8, 2025

/s/

Angeliina Lynn Lawson

Pro Se Plaintiff

1914 Fifth Avenue

Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

(913) 972-1661

2

Appx18

Retail

U.S. POSTAGE PAID
PME
LEAVENWORTH, KS 66048
DEC 08, 2025

$33.40

RDC 07          S2322W501148-21          20439

PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

PS10001000006
EP13F October 2023
OD: 12 1/2 x 9 1/2

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL EXPRESS**

ER 221 981 499 US

RECEIVED
DEC - 9 2025
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)   PHONE ( 913 ) 972-1601

Angeliina Lawson
1914 5th Ave
Leavenworth, KS 66048

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE (           )

Clerk of Court
Court of federal claims
717 Madison Place, NW
Washington, DC
ZIP + 4® (U.S. ADDRESSES ONLY)
20439

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

PAYMENT BY ACCOUNT (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

| ORIGIN (POSTAL SERVICE USE ONLY) | | | |
|---|---|---|---|
| ☐ 1-Day   ☑ 2-Day   ☐ Military   ☐ DPO | | | |
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| 66048 | 12/10/25 | $ 33.40 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
| 12/8/25 | ☑ 6:00 PM | $ | $ |
| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
| 2:08 ☐ AM ☑ PM | | $ | $ |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| $ | $ | 33.40 | |
| Weight | ☑ Flat Rate | Acceptance Employee Initials | |
| lbs. 3.2 ozs. | AG | | |

DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, NOVEMBER 2023     PSN 7690-02-000-9996

PRIORITY MAIL EXPRESS

FLAT RATE ENVELOPE

RECEIVED
DEC - 9 2025
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS





**UNITED STATES POSTAL SERVICE**

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.